In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00013-CV
______________________________


J. B. STELL GAINES, SR., Appellant
Â 
V.
Â 
TDCJ-ID, ET AL., Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 12th Judicial District Court
Walker County, Texas
Trial Court No. 22760


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â In this appeal transferred from the Fourteenth District Court of Appeals, the clerk's record
was due to be filed with this Court before January 18, 2005.


 J. B. Stell Gaines, Sr., is an inmate in
the Texas Department of Criminal JusticeâInstitutional Division and has filed a pro se appeal from
the dismissal of his lawsuit against the Texas Department of Criminal Justice. To date, no portion
of the record has been filed.
Â Â Â Â Â Â Â Â Â Â Â Â Gaines has not been declared indigent by the trial court and is thus responsible for paying or
making adequate arrangements to pay the clerk's fees for preparing the record. See Tex. R. App. P. 
37.3(b). On January 21, 2005, we sent Gaines a letter informing him the record was past due and
the clerk's fees had not been paid. In that letter, we informed Gaines that he needed to make
arrangements to have the record filed immediately. On February 17, 2005, we informed Gaines by
letter that, if he did not make adequate arrangements to pay the clerk's fees, we would dismiss the
appeal for want of prosecution. While Gaines did respond to both of our letters, he has not made
arrangements for the payment of the clerk's fees. Gaines has alleged to this Court he has filed a
request to proceed in forma pauperis, but the District Clerk of Walker County has informed this
Court otherwise. The district clerk has informed us that no request for a finding of indigence has
been filed and that Gaines has made no arrangements to secure payment of the clerk's fees. The
district clerk has also informed us that the district clerk's office is not willing to prepare the clerk's
record in the absence of any arrangements to pay the clerk's fees. Currently, no record has been filed
with this Court.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of prosecution.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â March 2, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 3, 2005




LsdException Locked="false" Priority="70" SemiHidden="false"
 UnhideWhenUsed="false" Name="Dark List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00006-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  WILLIAM-GLENN BULINGTON, JR.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  William-Glenn Bulington, Jr., has
filed a petition for writ of mandamus with this Court.Â  Bulington claims that the indictment charging
him with capital murder in June 2004 is void because it lists one of the
complainants therein simply as ÂJohn Doe.ÂÂ 
Bulington alleges that the trial court lacked jurisdiction to hear his
case, convict him of capital murder, and sentence him to life in prison.Â  Bulington asks this Court to dismiss the
indictment and to enter a judgment of acquittal.

Â Â Â Â Â Â Â Â Â Â Â  We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion or failed
to perform a mandatory act and the relator lacks an adequate appellate
remedy.Â  In re Transcontinental Realty Investors, Inc., 271 S.W.3d 270, 271
(Tex. 2008) (orig. proceeding) (per curiam). Â The Texas Court of Criminal Appeals and lower
courts have recognized that Âthe exclusive post-conviction remedy in final
felony convictions in Texas courts is through a writ of habeas corpus pursuant
to Tex. Code Crim. Proc. art.
11.07.ÂÂ  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); accord In re Harrison, 187 S.W.3d 199,
200 (Tex. App.âTexarkana 2006, orig. proceeding).Â  

Â Â Â Â Â Â Â Â Â Â Â  Bulington appealed his capital
murder conviction to this Court in cause number 06-04-00135-CR, and on November 1, 2005, this Court issued its opinion.Â  Bulington was afforded ample opportunity in
his appeal to raise the issue of which he now complains, i.e., the alleged
defective indictment.

Â Â Â Â Â Â Â Â Â Â Â  Here, Bulington further indicates
that he filed a writ of habeas corpus in May 2007, which relief was
denied.Â  Hence, Bulington has, heretofore,
taken advantage of his exclusive post-conviction remedy.

Â Â Â Â Â Â Â Â Â Â Â  Further, Bulington asks this Court
to directly dismiss his indictment and enter a judgment of acquittal.Â  This Court has jurisdiction to
issue a writ of mandamus against a Âjudge of a district or county court in the
court of appeals district.ÂÂ  Tex. GovÂt Code Ann. Â§ 22.221(b)
(Vernon 2004).Â  

Â Â Â Â Â Â Â Â Â Â Â  The relief requested is beyond the
scope of the mandamus authority of this Court.Â 


Â Â Â Â Â Â Â Â Â Â Â  We deny the petition for writ of
mandamus.Â  

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  January 21, 2010

Date Decided: Â Â Â Â Â Â Â Â Â Â Â  January
22, 2010

Â 

Do Not Publish

Â